HARRIS, J.,
delivered the opinion of the Court.
Edwin Harris recovered a judgment before a justice of the peace for Dickson county against Bell for the sum of *198 two hundred dollars. Harris died, and a seire facias was sued out by Williams, as his administrator, to have the judgment revived in his name: the scire facias was served on Bell, and the judgment revived by the justice; from which judgment Bell appealed to the Circuit Court. In the Circuit Court he filed his plea in abatement, alleging “ that he was never served with process of any kind in the original suit,” etc. To this plea the plaintiff demurred, and the demurrer was sustained by the Court. A judgment was rendered against the defendant for costs, and a procedendo to the justice to proceed and execute his judgment was ordered, and the defendant has appealed in error to this Court.
The record shows that the original judgment, as it appeared on the docket of the justice, was as follows:

and that there were many'similar entries on said docket between different parties.
Two questions have been raised and relied on here by the counsel for the plaintiff in error. First, that the plaintiff’s demurrer to the plea in abatement should have been overruled, and judgment rendered for the defendant. To the correctness of this assumption we cannot assent. It is now too well settled to admit of discussion, that to a scire facias to revive a judgment the party can make no defence which he could have made in the original suit. See Deberry vs. Adams, 9 Yerg., 52-54.
If the party is entitled to any relief on the ground *199 set out in his plea, it is in equity, upon a propel' case made out, and not at lair.
In the second place, it is contended that the original judgment is void for uncertainty; that it does not show in whose favor it was rendered — whether for plaintiff or defendant ; that by the 7th section of the act of 1885, ch. 17, C. & 1ST., 432, it is provided that “ every justice of the peace shall keep in a well-hound hook a docket of all judgments rendered by him, which shall show in whose favor and against whom each judgment was rendered, and also the date of its rendition and the amount thereof.”
The requirements of this act have been in the judgment before us strictly complied with, according to the directions in the 17th section thereof, which provides that “the judgment and execution-dockets which the justices of the peace are required by the 7th section hereof to keep, shall be according to the form hereto annexed, which is hereby made a part of this act.” This judgment is according to the form given in the 17th section in every particular : it is an exact copy of the form.
In the case of Johnson vs. Billing sly, 3 Humph., 153, this Court held, where the judgment was rendered according to this form, except that there was no caption to the columns of his docket, that the judgment of the justice was valid.
In that case, the Court say, “ On grounds of public policy — of necessity almost — the proceedings of justices must be upheld whenever possible.” We think neither of the objections relied on by the plaintiff in error is well taken, and affirm the judgment.